# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3913

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Patrick White Mountain, | * | |
| | * | [UNPUBLISHED] |
| Defendant - Appellant. | * | |

_____

Submitted: October 22, 2010
Filed: November 17, 2010

_____

Before RILEY, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Patrick White Mountain pleaded guilty to assaulting a federal officer in violation of 18 U.S.C. § 111(a)(1), (b). He argued in the district court[1] that the federal courts lacked jurisdiction due to the government's failure to comply with the "bad men" provision of the Fort Laramie Treaty of 1868. The district court rejected White Mountain's jurisdictional argument, and we affirm.

_____

[1]The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

White Mountain was a passenger in a van that park rangers stopped in Badlands National Park. White Mountain was holding dogs on leashes. When the rangers told him to control the dogs, he dropped the leashes and the dogs bit the two rangers. White Mountain then fled into the Badlands. Later, tribal officers with the Oglala Sioux Tribe arrested White Mountain on tribal land and delivered him to the park rangers.

White Mountain argues that jurisdiction is lacking because the following treaty provision imposes upon the government a notice requirement and because the government failed to provide the requisite notice in his case.

> If bad men among the Indians shall commit a wrong or depredation upon the person or property of any one, white, black, or Indian, subject to the authority of the United States, and at peace therewith, the Indians herein named solemnly agree that they will, upon proof made to their agent and notice by him, deliver up the wrong-doer to the United States, to be tried and punished according to its laws . . . .

Treaty with the Sioux, Apr. 29, 1868, U.S.-Sioux, art. I, 15 Stat. 635. We rejected an identical argument from a criminal defendant in a drug prosecution in United States v. Drapeau, 414 F.3d 869 (8th Cir. 2005), finding no jurisdiction-related notice requirement and stating:

> The treaty does not say that the United States must give notice to an Indian tribe before the government may arrest and prosecute a tribal member who has violated the federal drug trafficking laws. Rather, the treaty imposes *an obligation on the tribe* to "deliver up the wrong-doer to the United States," upon proof and notice to the tribe.

Drapeau, 414 F.3d at 878. In Drapeau we also noted that, subsequent to the 1868 treaty, Congress granted citizenship to Indians, making them "subject to arrest for

violation of the federal . . . laws just as is any other American citizen." Id. (applying 8 U.S.C. § 1401(b)).

Finding no material distinction between the Drapeau case and White Mountain's case, we reject White Mountain's argument and affirm the judgment of the district court.

_____