# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2706

_____

United States of America,         *
                                      *

         Appellee,        *

                                   *   Appeal from the United States

    v.                             *   District Court for the

                                   *   District of South Dakota.

Charles Schrader,            *

                                   *   [UNPUBLISHED]

         Appellant.       *

_____

Submitted: February 14, 2011
Filed: February 28, 2011

_____

Before RILEY, Chief Judge, WOLLMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Charles Schrader pleaded guilty to one count of distributing marijuana in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(D). The district court[1] sentenced Schrader to thirty-three months' imprisonment and three years' supervised release. Schrader appeals arguing the district court lacked jurisdiction because the government failed to comply with the "bad men" provision of the Fort Laramie Treaty of 1868. We hold the district court did not lack jurisdiction and therefore affirm.

_____

[1]The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

Schrader contends the government failed to comply with the notice requirements of Article I of the Fort Laramie Treaty of 1868, thereby depriving the district court of jurisdiction in this case. The applicable portion of the treaty states:

> If bad men among the Indians shall commit a wrong or depredation upon the person or property of any one, white, black, or Indian, subject to the authority of the United States, and at peace therewith, the Indians herein named solemnly agree that they will, upon proof made to their agent, and notice by him, deliver up the wrong-doer to the United States, to be tried and punished according to its laws . . . .

Treaty with the Sioux, Apr. 29, 1868, U.S.-Sioux, art. I, 15 Stat. 635. We previously rejected an argument identical to Schrader's in United States v. Drapeau, 414 F.3d 869 (8th Cir. 2005). Upholding the district court's jurisdiction despite the government's failure to give notice under the treaty, we stated:

> The treaty does not say that the United States must give notice to an Indian tribe before the government may arrest and prosecute a tribal member who has violated the federal drug trafficking laws. Rather, the treaty imposes *an obligation on the tribe* to "deliver up the wrong-doer to the United States," upon proof and notice to the tribe.

Id. at 878.

Because we find this case materially indistinguishable from Drapeau, we reject Schrader's argument and affirm the district court. See United States v. White Mountain, No. 09-3913, 2010 WL 4629044, at *1 (8th Cir. Nov. 17, 2010) (unpublished per curiam) (finding "no material distinction" between the jurisdiction-related notice challenge in Drapeau and defendant's jurisdictional challenge).

_____